J. LANDESMAN ET AL., Respondents, *v.* W. H. GUMERSELL ET AL., Appellants.

### February 24, 1885.

1. VENDOR AND VENDEE — DUTIES OF VENDEE WHEN MORE GOODS ARE SENT THAN ARE ORDERED. — The purchaser of goods to whom the seller sends more goods than are ordered is under no legal obligation to receive any part of the goods, nor to return them at his own expense.

2. VOLUNTARY BAILMENTS — MISFEASANCE — MEASURE OF DAMAGES. — If the purchaser voluntarily attempts to return the goods and by his mistake they are delayed on the road, he is liable only for the loss necessarily occasioned by the negligent execution of the voluntary bailment.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

G. M. STEWART, for the appellants: The defendants were not legally obligated to accept any of the goods which are sued for, inasmuch as more were sent and charged to them than they had purchased.—*Levy* v. v. *Green*, L. J. 28, Exch. 319; *Rommel* v. *Wingate*, 103 Mass. 327–330; Benj. on Sales (1883, Am. Note), sect. 531 *et seq.*, and cases cited sect. 978 and sect. 1030. And were not required to return the goods.—*Barton* v. *Kane*, 17 Wis. 38–45; *Larkin* v. *Mitchell*, 42 Mich. 296; *Grimoldby* v. *Wells*, 10 C. P. L. R. 391. The defendants are not liable because there has been no demand and refusal to redeliver the goods.—Story on Bail. (8th ed.), sect. 107; *Polk* v. *Allen*, 19 Mo. 467; *Ross* v. *Clark*, 27 Mo. 549; *State* v. *Mooney*, 65 Mo. 494.

LOUIS R. TATUM, for the respondents: When goods are sold and delivered under some condition precedent, as the payment of the purchase-money, the buyer does not acquire at once the property in the goods, but instead, holds them until paid for as bailee.—Schuler on Bail. 3; 2 Benj. on Sales, ch. 3.; *Bishop* v. *Chillito*, 2 B. & Ald. 329; *King* v. *Bates*, 57 N. H. 446; *Dunlap* v. *Gleason*, 16 Mich. 158; *Harrington* v. *King*, 121 Mass. 269. The purchaser of a chattel can not rescind the sale without returning it to the vendor.—*Perley* v. *Balch*, 23 Pick. 283; *Tisdale* v. *Buckmore*, 33 Me. 461; *Dill* v. *O'Ferrell*, 45 Ind. 268. A gratuitous bailee of money for the purpose of transmitting it to the owner, must perform the undertaking in good faith and with due diligence and attention, adequate to the trust reposed in him; and this question of diligence is one of fact for the jury.—*Eddy* v. *Livingston*, 35 Mo. 487; *Defour* v. *Mepbain*, 31 Mo. 577; *Huxley* v. *Hartzell*, 44 Mo. 370; 2 Kent Com. 569.

ROMBAUER, J., delivered the opinion of the court.

When the seller in filling an order sends more goods than

the buyer has ordered, the buyer is under no legal obligation to accept any part of the goods. *Rommell* v. *Wingate*, 103 Mass. 327–330; *Levy* v. *Green*, L. J. 28, Ex. Ch. 319; *Downer* v. *Thompson*, 2 Hill, 137. This seems to be the settled law, and was recognized as such by the trial court in this cause in its instruction to the jury. But we are referred to no cases which hold, that under such circumstances it is the duty of the buyer to return the goods to the seller, if by return, a redelivery of the goods to the seller, wherever he may be found is meant. The current of authority is to the contrary. *Lucy* v. *Monplet*, 5 Hurl. & N. 233; *Grimoldby* v. *Wells*, L. R. 10 C. P. 39. In the latter case Lord Coleridge, pointedly, says: " Why should he " (the seller) " be entitled to impose upon the purchaser, who never bargained for such goods, and who has a right to reject them, the burden of sending them back, possibly for a considerable distance and at a considerable expense. No authority, as it seems to me, can be cited for such a proposition, and the reason and justice are against it."

In the case now before us goods in excess of those ordered were sent by the plaintiffs — sellers — from Cleveland, Ohio, to the defendants, buyers, in St. Louis, Missouri. There was evidence tending to show that the defendants refused to accept the goods, and immediately notified plaintiffs to that effect. That the defendants might have stopped there, stored the goods as bailees for plaintiff, and could have successfully defended a suit for their value or contract price, seems to be conceded. *Culiffe* v. *Harrison*, 7 Exch. 901; *Levy* v. *Green, supra; Rommel* v. *Wingate, supra.* They, however, went further and attempted to return the goods, and by mistake first sent them to New York by express, and upon becoming aware of their mistake, after a lapse of several months, ordered them to be forwarded by express from New York to Cleveland, Ohio, to plaintiffs. The goods were tendered

to plaintiffs in Cleveland by the express company, but plaintiffs refused to receive them, basing their refusal on the lapse of time between shipment and return, and on the further fact that the express company, as a condition precedent to the delivery of the goods, demanded of them the express charges thereon from St. Louis to New York, and New York to Cleveland.

This being the testimony the court erred in instructing the jury—

1. The court instructs the jury that it was the duty of defendants to have returned to plaintiffs the goods sued for in this action, in a reasonable time, and by the ordinary route from St. Louis to Cleveland, Ohio; and if the jury believe from the evidence that defendants did not return said goods to plaintiffs within a reasonable time and by the ordinary route, they will find for plaintiffs the full value of said goods, with interest from the time demand was made for payment to the present time, at six per cent per annum.

No such duty devolved on defendants under the facts proved, nor did the value of the goods and interest constitute plaintiff's measure of damages.

The evidence left the defendants in the position of mandatories, who at worst were guilty of misfeasance in executing a voluntary bailment. They could not be held for the value of the goods as buyers, because the evidence was clear that they had never accepted them. Nor could they be held for the value of the goods, as tortfeasors upon the theory of conversion, because neither an actual conversion, nor a total loss of the goods by their negligence was shown. *Ross* v. *Clark*, 27 Mo. 550.

The plaintiff's damages, if they are entitled to recover under the testimony, are to be measured by the amount which they necessarily lost by defendant's negligent execution of a voluntary bailment.

Judgment reversed and cause remanded. All the judges concur.