Tufts v. Morris.

JAMES W. TUFTS, Appellant, v. T. J. MORRIS, Respondent.

#### St. Louis Court of Appeals, February 12, 1901.

1. **Contract, Evidence:** TIME, ESSENCE OF CONTRACT. Where time is not of the essence of a contract, evidence tending to make time of the essence is not admissible.

2. **Written Contract:** PAROL EVIDENCE. Where parol evidence may or may not contradict a written contract, it should not be admitted.

3. **Instruction:** CONTRACT. Instruction in the case at bar examined and held to not properly declare the law.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*E. R. Lentz* for appellant.

The court erred in permitting the defendant to testify over the objection of plaintiff, as to conversations had with plaintiff's agent, concerning the subject-matter of this contract at the time of and prior to the execution of the written contract. All such prior and contemporaneous agreements were merged into the written contract. 1 Greenleaf on Ev., sec. 275; Hair Co. v. Wolmsley, 32 Mo. App. 115.

*Alonzo D. Hight* for respondent.

No brief for respondent furnished reporter.

BLAND, P. J.—Appellant is a dealer in soda-water apparatus; his factory and place of business is in Boston, Massachusetts. In 1889, J. M. Goodwin was his traveling salesman in Missouri. On April 27, of that year, he (Goodwin) procured from respondent an order and contract for a certain second-hand apparatus, then at, or supposed to be at appellant's factory in Boston. The order and contract contained a full description of the apparatus, including size, to be shipped as soon as possible by freight to the respondent at Poplar Bluff, Missouri. For the apparatus, respondent agreed to pay $116, as follows: $35 by forwarding to appellant a second-hand apparatus; $15 on receipt of bill of lading, and $10 per month with six per cent interest until balance should be paid; the deferred payments to be secured by chattel mortgage on apparatus. When the order for the apparatus arrived at Boston, the special apparatus which respondent had bargained for had been sold, and appellant at once forwarded the order to the John Matthews Apparatus Co., manufacturers of soda fountains, at city of New York, with instructions to fill the order as quick as possible and forward to Mr. Morris at Poplar Bluff, Missouri. The latter company suggested to appellant the substitution of an apparatus of a newer, more expensive and better design. Appellant consented to the substitution. The substituted apparatus was a second-hand one and the evidence is that it was put in order as quickly as it could be done, boxed up, and forwarded by freight to the respondent on June 10, 1899. When it arrived, the respondent took it from the railroad station, carried it to his store and opened it. On opening it he says he discovered that it was not the apparatus that he ordered; that it was undersize, and that he set it aside and notified the appellant that he would not accept it and that he held it subject to his order. He refused to pay the fifteen dollars, to execute notes and mortgage for the monthly pay-

ments, and also refused to give up the apparatus, claiming that he had been damaged and that he would hold the apparatus until the damages were paid—but did not state the amount of damages he claimed. The cause was tried by a jury who found for Morris. Plaintiff, after unavailing motions in arrest and for new trial, appealed.

I. The respondent, over the objections of the appellant, was permitted to testify that Goodwin (the salesman) represented to him that the apparatus would arrive in two or three weeks, and that he would *guarantee* its arrival in three weeks. He further testified, over the objection of appellant, that the salesman represented the apparatus was three feet long and eighteen inches high and that the one received was under this size. The evidence was clearly inadmissible. The contract was to ship as soon as possible, which meant that it should be shipped as soon as the apparatus could be overhauled and put in perfect order, being a second-hand apparatus; the evidence shows that it was necessary to do work upon it in order to put it in proper order—the contract did not make time of the essence of the contract, the evidence of the respondent does make time of the essence of the contract. The contract also specifies the size of the apparatus. It says it shall have "eight syrup faucets, one draught tube." The evidence of respondent as to size may or may not contradict the contract as to size of the apparatus, and for that reason should not have been admitted.

Although respondent did not get the special apparatus he ordered, yet he got an apparatus of the same kind and adapted to the same use, and if it varied in any respect from the one ordered, to show such variance, the evidence as to the special one should have been confined to its description as contained in the contract, which gave a full and minute description of the apparatus. At the instance of respondent the court gave the

Tufts v. Morris.

following instruction: "You are instructed that if you believe and find from the evidence that James W. Tufts agreed to exchange soda fountains with the defendant, T. J. Morris, and that the plaintiff, J. W. Tufts, received the soda fountain in the possession of T. J. Morris and agreed to ship to T. J. Morris another soda fountain of a certain quality and dimensions, and if you further find that the plaintiff did not ship the soda fountain ordered by T. J. Morris, but another and different one, then your verdict should be for the defendant." This instruction substantially told the jury that the respondent had a right to keep the apparatus if it in any respect differed from the one he ordered—without paying anything more that he had paid by forwarding to appellant his second-hand apparatus— (which he did when he gave the order). In other words, that it was an even change of apparatus, if the one received was not the special one ordered. This was not the contract. There is no evidence in the record that respondent demanded a cancellation of the contract and a return of his second-hand machine or that he offered to return what he had received. On the contrary, the undisputed evidence is that he converted the apparatus he received to his own use and refused to make any payment whatever thereon, further than one made by his second-hand apparatus. Under his own testimony he is liable to pay appellant the contract price of the apparatus he ordered, less the difference in value, if any, between it and the one he received and converted to his own use, less, also, the thirty-five dollars paid by his second-hand apparatus.

The judgment is reversed and the cause remanded. All concur.