## J. W. TUFTS, Appellant, v. T. J. MORRIS, Respondent.

### St. Louis Court of Appeals, February 18, 1902.

1. **Evidence:** ADMISSION OF INADMISSIBLE, NOT REVERSIBLE ERROR, WHEN. When the testimony of a witness is inadmissible, but the party objecting had already in the course of the trial introduced the same witness and caused him to testify, it is not reversible error to permit the witness to repeat what he had already sworn to.

2. **Abstract of Record:** TAKEN AS CONCURRED IN, WHEN. Where no written objections have been filed by the appellant to the respondent's abstract of record, its version of any matter in the record will be taken as concurred in by the appellant, and as being the true one.

Appeal from Butler Circuit Court.—*Hon. J L. Fort,* Judge.

AFFIRMED.

*E. R. Lentz* for appellant.

(1) The court erred in permitting the defendant to testify over the objection of plaintiff, as to conversations had with plaintiff's agent, concerning the subject-matter of this contract at the time of and prior to the execution of the written contract, and in refusing to strike same out; all such prior and contemporaneous agreements were merged into the

written contract. 1 Greenleaf on Ev., sec. 275; Hair Co. v. Wolmsley, 32 Mo. App. 115; Tracy v. Iron Works, 29 Mo. App. 355; Gooch v. Conner, 8 Mo. 391. (2)   Where any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof by answer or replication, verified by affidavit. R. S. 1899, sec. 746.

*A. D. Hight* for respondent.

Counsel for appellant states that this suit is founded upon a written contract or order charged to have been executed by the defendant, and that the appellant denies the execution of the instrument, but not under oath. As to the question, whether or not the signature to an instrument was signed by the party charged, or purporting to have signed the instrument, the denial of the signature must be made under oath. In this case Mr. Morris admits the signing of the contract, the signature, but as a witness on behalf of the plaintiff or appellant, states in substance, that while he signed the paper, it had been changed and altered since he signed it.

GOODE, J.—Plaintiff was a dealer in soda-water fountains in the city of Boston, Massachusetts. Defendant gave him a written order for a certain kind of fountain with rather elaborate specifications as to its size and style. Plaintiff did not have the kind of fountain ordered in stock in his store in Boston, and either bought another one to substitute for it, or took one from his stock in New York City, which defendant claimed differed in important respects from the one he ordered, so he refused to pay for it, and this action was instituted to recover the purchase price.

This case was in this court before and the decision of that appeal will be found in 87 Mo. App. 98.

The only question which requires consideration is an alleged error committed by the trial court in permitting the defendant to testify that the original contract, as signed by him, was altered after he had signed it, without his consent, by interlineations which substantially changed its sense.

Appellant's contention in regard to this alleged error is that, inasmuch as the execution of the contract sued on was not denied under oath, said testimony of the defendant tending to show it had been altered was inadmissible.

We are of the opinion appellant can not be heard to make this objection in the state of the record; for it appears that he himself put the defendant on the stand in the first place, and the following testimony was thereupon given by the defendant:

"Q. I will get you to state if this is your signature? A. Yes, sir; it is my signature, but that (indicating) is not written as it was; this part has been added in since I signed it, there has been a portion added in since I signed that contract."

This testimony went in without objection. Afterwards, when the defendant took the stand in his own behalf, he made substantially the same statement, and then the appellant objected; but just what form the objection took is not certain, as it is stated two ways in the abstracts furnished by the parties.

The appellant's abstract says it was objected to for the reason that the execution of the contract was not denied under oath; while the respondent says the objection was as follows:

"I want the court to understand that we are objecting to his contradicting that on the stand; he can not impeach it in that way."

The court overruled the objection for the reason that the plaintiff had put the witness on the stand and asked him

about the contract. It will be seen that the objection as stated by the appellant was sufficient to call into question the competency of the evidence on the ground now urged against its admission, whereas, the one stated by the respondent was entirely too vague and general. No written objections were filed by the appellant to the respondent's abstract of the record, and, hence, his version of the matter will have to be taken as concurred in by the appellant and as being the true one. But at most, the testimony given by the respondent when he testified in his own behalf, was but a repetition of what he testified when the plaintiff put him on the stand, which was allowed to go without challenge and it certainly ought not to be reversible error that he was afterwards permitted to repeat it.

On the second trial, testimony was introduced by the defendant tending to show that he had offered to return the fountain which was shipped to him, and receiving no answer from the plaintiff, had stored it away without using it. On this evidence an instruction was given in a form which is free from the objectionable features contained in the one condemned in the opinion on the former appeal.

The judgment is affirmed. All concur.