## REFUSAL TO ACCEPT GOODS.

RHEINSTROM ET AL V. STEINER ET AL.

69 Ohio State—Decided, January 19, 1904.

*Petition in Error to Judgment of Common Pleas Court—Action to Recover for Goods Sold and Delivered—Claim Judgment Against Evidence and Contrary to Law—Circuit Court Reverses Judgment—Presumption as to Overruling of Judgment—Review of Judgment of Reversal—Law of Sale and Delivery of Goods—Contracts.*

1. Where, in a petition in error to a judgment of the court of common pleas, in an action to recover for goods sold and delivered, the grounds of error, with others separately stated, are that the judgment is against the weight of the evidence and that it is contrary to law, and the circuit court reverses the judgment reciting as the only ground of error that the "judgment rendered in this action was contrary to law and the evidence on the question of the acceptance and retention of the goods by the defendants below," it will be presumed that the assignment that the judgment is against the weight of the evidence was overruled.

2. Such judgment of reversal may be reviewed by this court.

3. Where a party under contract to manufacture and deliver certain specific goods, delivers to the buyer goods of a kind not conforming to the contract, and, upon examining them and without delay the buyer informs the seller of that fact and unequivocally refuses to accept or use the goods, and does not use any of them, it is not incumbent on such buyer to manually return such rejected goods nor in words to offer to return them. It is sufficient to relieve him of liability to pay for them if he, in due time, gives the seller clearly to understand that he refuses to accept the goods.

Error to the Circuit Court of Hamilton County.

The defendants in error brought action against plaintiffs in error in the court of a justice of the peace of Hamilton county, to recover $247.50, the agreed price of certain labels claimed to have been sold and delivered to Abraham and Isaac Rheinstrom, at their request. The cause being appealed to the court of common pleas the defendants in that court answered by general denial. On trial to the court, a jury being waived, the issues were found for the defendants, and judgment in their favor rendered. Steiner & Co. took the case on error to the circuit

court, and that court, finding "that there is manifest error upon the face of the record to the prejudice of the plaintiffs in error in this case, to-wit, said judgment rendered in this action was contrary to law and the evidence on the question of the acceptance and retention of the goods by the defendants below," proceeded to reverse the judgment of the common pleas and remanded the cause to that court. The Rheinstroms bring error.

Facts necessary to an understanding of the points decided will be found in the opinion.

*J. Shroder,* for plaintiffs in error.

*Galvin & Bauer,* for defendants in error.

SPEAR, J.; BURKET, C. J., DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

1. The first question is one of practice. Does the entry of the circuit court show that the common pleas was reversed on the weight of the evidence, or was it upon that which, in the last analysis, is a question of law? If upon the former ground then this court will not review the judgment. A number of grounds of error are set forth in the petition in error to the circuit court. Among them that the "judgment is against the weight of the evidence," and another that "the judgment is contrary to law." By Section 6709, Revised Statutes, it is made the duty of the circuit court to pass upon all the errors assigned in the petition in error, and where the judgment below is reversed and the cause remanded for new trial the mandate shall state the errors found in the record upon which the judgment is founded. Now, as all presumptions are to be indulged in favor of the judgment under review, we assume that the circuit court did its duty in this respect, and that, if it had on the weight of the evidence found error, it would have so stated in its mandate. In the absence of such statement we assume that that claim of error was overruled and the reversal based wholly on the other proposition, viz., that the judgment is contrary to law, notwithstanding that the entry adds that it is contrary to the evidence on the question of acceptance. In legal effect it means that, giving proper construction to the evidence on the question of the acceptance and retention of the goods by the defendants below, the rule of law applied to it by the trial court was erroneous. The judgment

therefore, may properly be reviewed by this court without departing from our rule which forbids the weighing of evidence. *Wetzell* v. *Richcreek*, 53 Ohio St., 62; *Gamble* v. *Railroad Co.*, 63 Ohio St., 352.

2. Did the trial court apply the wrong rule of law to the evidence respecting the acceptance and retention of the goods? Without question the burden was upon the defendants in error to establish acceptance. To determine this with fairness to them it is proper to recite the evidence adduced by them to support that contention. Not that the evidence is to be weighed, but, taken all together, does the evidence tend to show such acceptance, or does it show the contrary?

On the day the goods were received by defendants below, they acknowledged receipt under date of January 31, 1900, by the following letter, viz.:

*"Dear Sirs*—We received to-day the shipment of Jed Clayton labels, but regret to find that the work is not properly carried out. Please return to us the original sketch and we will point out to you in detail the defects.     Yours truly,
                                "RHEINSTROM BROS."

To this the plaintiff below responded under date of February 2, 1900, as follows:

*"Gentlemen*—We beg to acknowledge receipt of your favor of the 31st ult. in regards to "Jed Clayton" labels, that same have reached you but that the work is not properly carried out.

"We are again very sorry to hear your complaint, and herein enclose the sketch which was submitted to you, with one of the labels, and no doubt our Mr. Steiner will be in your city by the time these few lines reach you, and you can explain matters to him personally.
          "We remain yours very truly,
                    "WM. STEINER SONS & CO."

Some time after the above date Mr. Isadore Steiner, one of the plaintiffs below, called at the office of Rheinstrom Bros., and his account of the conversation then had is in substance that Mr. Rheinstrom then told me that he received our labels, but will not use them. I asked him why, and he said they were too far away in color from his original label, and in answer to that I told him we made them like the sketch which he furnished.

He told me something regarding his attorneys telling him that he had a copyright on his label and that by changing off to a different color that his copyright was no good, as anybody could infringe upon his label. I plead with him saying the labels are no earthly good to me. He said he couldn't help that; the best thing you can do is to put them in the fire and burn them up while you wait here. I said you can not burn them; they are my property until they are paid for. Then I tried to get him to accept them. He said he would not accept them labels for any price—not for ten cents a thousand. I put on my hat and coat and walked out.

There is no other evidence by plaintiffs below bearing on the question of acceptance than the foregoing, and no evidence at all of use by defendants below of any of the labels.

Mr. Abraham Rheinstrom testified in substance that the labels were defective in drawing, color, and workmanship. We could not use them at any price. We never accepted these labels, but wrote immediately rejecting them (Letter of January 31, 1900, heretofore given). They replied by letter (Letter of February 2, 1900, heretofore given). The labels were put in charge of one of our employes, in the original packages, to be held until called for. We heard nothing more until Mr. Steiner came to our office.

The burden was upon plaintiffs below to prove a compliance with their contract. The effect of the finding and judgment of the common pleas on the issues is that the goods furnished were not the goods ordered. The finding and judgment in that respect not having been found erroneous by the circuit court, but the judgment in respect thereto having been affirmed, the only ground on which a recovery could have been predicated was that the goods had been accepted by the buyers, and hence they were liable for the price. Here, too, the burden was on the sellers. Their own evidence shows conclusively that the buyers did not accept unless a failure to manually return the rejected goods is in law an acceptance. Is it? From the standpoint of ordinary fairness, how is it? The buyer had ordered labels of a specified kind. The sellers had delivered labels of a different kind, not conforming to the agreement, of which facts the sellers were at once by letter fully apprised, to which they

responded that by the time their letter should reach the buyers one of their firm would call and matters could be explained. He did call and was distinctly notified that the labels were wholly useless to the buyers, and as distinctly informed that they were rejected. On what principle of commercial dealing could they ask the buyers to take further trouble in the matter at the peril of being compelled to pay for a wholly useless article and one which they had not purchased? We can conceive of no rule of business comity which would justify such a claim. If maintainable at all it must be by force of some rigid rule of law.

Numerous authorities are cited by counsel for defendants in error which bear on the subject of sales and afford general rules which should govern the conduct of the buyer where the goods are not satisfactory. Without doubt the rule is well settled that the buyer's retention of the goods beyond a reasonable time for examination and communication with the seller, standing alone, will be regarded as warranting the conclusion that he has accepted and thus become liable, especially if the delay has worked prejudice to the seller. But we find no case, either among those cited or elsewhere, analogous to the case at bar on its facts, and none in which the mere failure to make manual return of the goods, after a timely and explicit rejection of them, and where it appears that no prejudice to the seller has been caused by the delay is held to make the buyer liable under the contract. On the contrary there is abundant authority for the proposition that unless otherwise agreed, where goods are delivered to the buyer, and he refuses to accept them, having the right so to do, he is not bound to return them to the seller, but it is sufficient if he informs the seller that he refuses to accept them. Of many, we cite Benj. on Sales, Bennett's 7th Ed., 975. The familiar rule, held in one of the cases relied upon, that there must be an offer to return on the part of one who seeks to rescind a contract, is not applicable to the facts of this case. There was no completed contract because there had been no delivery of the goods agreed to be furnished on the part of the sellers and no acceptance by the buyer of those which had been delivered, and hence there was no contract to be rescinded. That the goods should be as ordered was a condition of the contract, and that

condition had not been performed by the seller. And, as held by Mr. Justice Woods, in *Pope* v. *Allis,* 115 U. S., 363:

"When the subject-matter of a sale is not in existence, or not ascertained at the time of the contract, a contract that it shall, when existing or ascertained, possess certain qualities, is not a mere warranty but a condition, the performance of which is precedent to any obligation on the vendee under the contract; because the existence of those qualities being part of the description of the thing sold becomes essential to the identity, and the vendee can not be obliged to receive and pay for a thing different from that for which he contracted."

We fail to find any fast rule of law which would make the defendants below liable simply because they did not manually return the labels. In fact, as shown by uncontradicted testimony, these labels were not used at all by them, but were kept in the original packages, to be held until called for, and this fact was fully made known to Mr. Steiner by the conversation at the time of his call, in connection with previous correspondence. True it does not appear that it was stated to him in words that the goods were held subject to his order, but any intelligent business man could not fail to draw the conclusion that such was the fact, and his own declarations show that he regarded the labels as still the property of his firm. And such indeed was the law of the situation, the rule being that where there is a contract for sale of specific goods, and the seller is bound to do something to put them in a deliverable state, the property does not pass until that is done, and the buyer has notice (*Bonham* v. *Hamilton,* 66 Ohio St., 82). No prejudice of any kind resulted to the sellers by the non-delivery, because, as stated by Isadore Steiner, the labels were of no use to them, and we are clear that they have made no case warranting a recovery for the goods. To have shipped the goods to the Steiners without direct orders to do so, would have made the Rheinstrom Bros liable in the first instance for drayage and freight, and this burden the Steiners had no right either in morals or in law to place upon them. *Grimoldby* v. *Wells,* 10 L. R. C. P., 391; *Lucy* v. *Mouflet,* 5 H. & N., 228; *Barton* v. *Kane,* 17 Wis., 37; *Landesman* v. *Gumersall,* 16 Mo. App., 459.

Another ground urged by counsel for plaintiffs in error as supporting the judgment of the common pleas is that there was a delivery of a large quantity of labels in excess of the number ordered. The point is somewhat technical inasmuch as it does not appear that this fact was stated as a ground for rejection, and, as it is unnecessary to a decision, we do not care to consider it.

We are of opinion that the court of common pleas applied the correct rule of law to the evidence on the question of acceptance and retention of the goods, and that the reversal of its judgment by the circuit court was erroneous. Its judgment will, therefore, be reversed and that of the common pleas affirmed.

*Reversed.*