J. A. RUHL CLOTHING COMPANY, Appellant, v. J. W. SINGLETON et al., Respondents.

Springfield Court of Appeals, February 5, 1912.

1. SALES: Shipping More Goods Than Ordered: Acceptance: Caring for Goods Not Ordered. In an action on an account for a bill of clothing shipped by plaintiffs to defendants, the defendants claimed that they had not ordered the entire bill; that the selesman of plaintiff had "stuffed" the order and defendants notified plaintiff that they would accept only the goods ordered. Some correspondence ensued and about a year later, in reply to a request for the balance due on the entire account,

defendants wrote that they would settle up the account as soon as they possibly could. It also appeared in evidence that sometime after the clothes had been received, defendants took them out of the boxes, marked them with their own mark, put them with their other stock and sold them in the regular way and kept no separate account of the sales. *Held*, that the conduct of the defendants amounted to an acceptance of the goods and that they should be required to pay for the same and that their counterclaim for taking care of the goods should not be allowed.

2. ————: ————: Rescission: Disposition of Goods Not Ordered. When a purchaser upon receipt of goods knows the seller has shipped a less or greater quantity than he ordered, he has the option to rescind the contract, and to avail himself of such privilege it is not necessary to return the property or to make any other disposition of it but an offer to return or a notice to the seller that he holds the property subject to his order, or that he will not accept it, will answer the demands of the law.

3. ————: ————: ————: Cannot Rescind After Acceptance. When a less or greater quantity of goods are shipped and received than were ordered, and the same are accepted by the buyer, then he cannot rescind the contract.

4. ————: ————: Acceptance: Subsequent Sale. Any act done by the buyer which he would have no right to do, unless as the owner of the goods, amounts to an acceptance. A subsequent sale by the buyer is an acceptance.

5. ————: ————: ————: Caring for Goods Not Ordered. Where there was sent to a purchaser a larger bill of goods than he had ordered, and he notifies the seller that he will not accept the same, the purchaser is under no obligation to unpack the goods or devote special time to preserve the same, and neither has he a right to charge the seller therefor. If the goods by remaining in the boxes in which they were shipped, were liable to be damaged, it would have been the seller's loss and not the purchaser's.

6. PARTNERSHIP: Authority of Partner: Acceptance of Goods Not Ordered. In an action against a partnership on an account for goods sold, defendants claimed that they had not ordered the entire bill of goods, but there was in evidence a letter written by one of the members of the firm, who had been placed temporarily in charge of the business, which indicated an acceptance of the goods and an intention to pay the entire bill. The evidence failed to show that the plaintiff had any information as to which of the partners had written the letter, nor was there any evidence that the partner was not fully authorized to transact any business of the firm. *Held*, that the partnership was bound by the letter.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore*, Judge.

REVERSED AND REMANDED (*with directions*).

*Jos. V. Pitts* for appellant.

(1) The letter written by defendant to plaintiff of date July 22, 1908, and at a time when the good in question were in defendants' possession and from which defendants were selling, is sufficient to show a promise to pay and a contract for the goods, regardless of the first difference. 2 Beach on Contracts, p. 575, sec. 64; Pub. Co. v. Emerson, 64 Mo. App. 662; Harp v. Assembly, 127 Mo. App. 195; 17 Cyc. 406, 411; 16 Cyc. 945. (2) The defendants will be estopped from rescinding after they have sold the goods and exercised the rights of ownership over them. 35 Cyc. 141.

*J. S. Clarke* and *Fred Stewart* for respondents.

(1) The court gave proper and liberal instruction for the appellant, and it has no cause to complain on account of the instructions, the same being warranted by the evidence, and where there is substantial evidence to support a verdict in a law case the appellate court will not disturb the judgment even though it might appear to be against the weight of the evidence, this has been the holding of all the courts of the state since its organization as shown by numerous cases reaching down to the present time. Garneau v. Herthel, 15 Mo. 191; Parker v. United Railways, 154 Mo. App. 126. (2) Appellant's assignment of errors are not sufficiently specific and should not be noticed. Zahm v. Union, 154 Mo. App. 70.

GRAY, J.—The appellant, a corporation, was conducting a wholesale clothing house in St. Louis, and the respondents, merchants at Ava, this state, and customers of appellant. In July, 1907, the appellant received from a Mr. Brown, its travelling salesman, what purported to be an order from the defendants for a bill of clothing amounting to $193. The order was filled, shipped to, and received by defendants about August 10th, of that year. Upon receipt of the goods the respondents wrote appellant that they had only ordered six suits of clothes of certain lot numbers, and at a price of $46.50, and the shipment included a lot of other goods which they had not purchased, and they would only accept what they had ordered, and the balance of the shipment they were holding subject to appellant's order. On August 20, the respondents again wrote a similar letter. On August 23, the appellant replied to the letter of the 20th, and enclosed the order received from Mr. Brown, and stated the goods had been shipped in good faith and on liberal terms, and urged the respondents to keep the entire shipment. The next day respondents replied to this letter, stating that they were satisfied that appellant only shipped goods ordered by Brown, but the latter had "stuffed" the order and they would not stand for it.

If there was any further correspondence regarding the order until about July 20, 1908, it is not in this record. On that date, however, the appellant claims a request was made to respondents for balance due, and in any event, the respondents, on the 22nd, wrote appellant as follows:

"Ava, Mo., July 22nd, '08.
J. A. Ruhl Clothing Co.,

Gentlemen:—

In answer to your favor of the 20th, will say that we will send you check as soon as we can spare the

161 App.—24

money, we have not had the trade we expected on account dry weather, etc. But things have begun to open up and as soon as we possibly can we will settle up this account.

Altho we never bought the goods in the first place and have them on our shelves yet and would rather ship the goods than keep them.

Very Respectfully,

J. W. SINGLETON & Co."

The respondents made no payment on the clothing they claim they had not ordered, and this suit was instituted in the circuit court of Douglas county, on the 12th day of August, 1910, to collect the invoice price thereof.

The answer alleged that the respondents ordered from appellant a bill of clothing amounting to $46.50 and no more; that appellant shipped goods amounting to $193, and when same arrived respondents immediately notified appellant they would not accept the surplus, and that the same was held to be returned or disposed of as appellant might request; that appellant refused to advise them to return, and insisted on respondents keeping and paying for the surplus goods; that ever since they received said goods, respondents have been ready and anxious to return the same at appellant's request; that they had sold a part of said goods and received the money therefor to compensate them for the freight and storage charges, and for taking care of the goods; that appellant was indebted to them for care and storage from the 19th day of July, 1907, to the first day of October, 1910, at the rate of $1 per week, and $2 for freight, making a total of $164, for which they asked judgment.

The cause was tried before a jury on the 29th day of March, 1911, resulting in the following verdict. "We, the jury, find the issues for the defendant on his counterclaim and find for the defendant to recover

the sum of $150.'' On the day the verdict was returned, the appellant filed a motion for new trial, to which was attached the affidavits of three of the jurors, stating that it was the intention of the jury to allow respondents $150 on their counterclaim, and to allow appellant its demand and interest.

As the judgment rendered was for only $3, the trial court must have accepted the affidavits of the jurors as a part of the verdict. The motion for new trial and one in arrest of judgment were overruled, and the plaintiff appealed.

The respondents' evidence shows that sometime after the goods had been received, and when they knew the invoice included clothes they had not purchased, they took the clothes out of the boxes in which they were shipped and marked them with their own mark, and put them on their shelves with the balance of their stock, and offered them to their customers, and sold all of the goods except six suits before this suit was commenced. They kept no separate account of the goods, and could not tell at the trial to whom they had sold or the amount received therefor.

When a purchaser, upon receipt of goods, knows the seller has shipped a less or greater quantity than he ordered, he has the option to rescind the contract, and to avail himself of such privilege it is not necessary to return the property or to make any other disposition of it, but an offer to return or a notice to the seller that he holds the property subject to his order, or that he will not accept it, will answer the demands of the law. [Landesman v. Gumersell, 16 Mo. App. 459.] But when a less or greater quantity of goods are shipped and received than were ordered, and the same are accepted by the buyer, then he cannot rescind the contract. "Any act done by the buyer which he would have no right to do unless as owner of the goods, amounts to an acceptance. Even when goods are not ordered, but are voluntarily sent to one, his

receipt of them and exercise of ownership over them may constitute an acceptance and preclude him denying his liability for the price. A subsequent sale by the buyer is an acceptance." [ 24 Am. & Eng. Ency. Law (2d Ed.), pages 1090 and 1091.]

If the shipment did include goods not ordered, then when the respondents notified appellant of that fact and that they held the goods subject to its order, they had done all the law required, and were not liable for the surplus goods. They were under no obligation to unpack the goods or to devote special time to preserve the same, and neither had they the right to charge appellant therefor. If the goods, by remaining in the boxes, were liable to be damaged or destroyed by moths, it would have been plaintiff's loss and not theirs. But when they unpacked the goods and placed them on their shelves and sold them in the ordinary course of trade, and sent to appellant the letter of July 22, 1908, promising to pay the account, they accepted the goods and are now precluded from saying they were simply storing and caring for same for appellant. [Faust v. Koers, 111 Mo. App. 560, 86 S. W. 278; Tufts v. Morris, 87 Mo. App. 98; Glass Co. v. Friedlander, 84 Wis. 53, 54 N. W. 28; Estey Organ Co. v. Lehman, 111 N. W. 1097, 11 L. R. A. (N. S.) 254; Noel & McGinnis v. Kauffman Buggy Co., 106 S. W. 237; Benjamin on Sales (6 Ed.), 703; Pierson et al. v. Crooks, 115 N. Y. 539; Logan v. Berkshire, etc. Home, 22 N. Y. S. 776; Frey-Sheckler Co. v. Iowa Brick Co., 104 Ia. 498, 73 N. W. 1051; Foster v. Rowley, 67 N. W. 1077; Brown v. Foster, 108 N. Y. 387.]

In Faust v. Koers, supra, it is said: "It is a well-settled rule of law that a vendee of personal property, who has been defrauded in a sale by the vendor, may tender back the property and rescind the contract, but if the vendor refuses to recind and the vendee thereafter takes and uses the property as his own, he will

Clothing Co. v. Singleton et al.

be deemed to have waived all right derived from his tender.''

In Benjamin on Sales, supra, the author says: ''When goods are sent to a buyer in performance of the vendor's contract, the buyer is not precluded from objecting to them by merely receiving them. But receipt will become acceptance if the right of rejection is not exercised within a reasonable time, or if any act be done by the buyer which he would have no right to do unless he were owner of the goods.''

The respondents say the letter was not an acceptance because one of the defendants testified that he did not know of it; that he usually attended to the correspondence and the remittances; that he had temporarily left the business with his partner and told him if creditors demanded money to write them something that would satisfy them until his return. The partner who wrote the letter did not testify. It was admitted, however, that he was a partner and in charge of the business when the letter was written, and there is no claim that appellant had information as to which of the partners had written the letter, as it was signed by the firm name. The evidence wholly failed to show that the member of respondents' firm that wrote the letter was not fully authorized to transact any business of the firm that his partner could transact.

Under the undisputed testimony of the respondents, their conduct amounted to an acceptance of the goods, and therefore, their counterclaim for taking care of them should not have been allowed, and the judgment will be reversed and the cause remanded with directions to enter judgment in favor of the appellant for the amount of its account, with interest at the rate of six per cent annum from the date the suit was commenced. All concur.