JESSE GRIFFIN, Respondent, v. H. C. McDONALD, Appellant.

Springfield Court of Appeals, April 1, 1912.

1. VENDOR AND PURCHASER: Warranty of Soundness: Rescinding Contract. Where defendant, in exchanging horses with plaintiff, warranted the horse he exchanged to be sound and plaintiff relied upon such warranty and representation, and it developed later that the horse was not sound, then on discovering that fact plaintiff had the right to rescind the contract.

2. ———: ———: ———: Vendor's Knowledge of Defect. In a horse trade between plaintiff and defendant, it appeared that the horse which defendant traded to plaintiff was infected

with the germs of a disease at the time of the trade, although it did not develop for a month afterwards but defendant at the time of the trade had warranted the horse to be sound. As soon as the disease developed plaintiff acted promptly in offering to rescind the trade. It also appeared that plaintiff relied upon the representations and warranty of soundness in making the trade. *Held*, that the fact, if proven, that defendant had no knowledge at the time of the trade of the diseased condition of the horse, could make no difference in plaintiff's right to have the trade rescinded.

Appeal from Polk Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) In order that the defendant may be liable in any kind of action there must be either an express warranty or fraud. Peers v. Davis Admr., 29 Mo. 184; Joliffs v. Collins, 21 Mo. 242; Tootle & Co. v. Lysaght & Co., 65 Mo. App. 141; Brookings v. Shinn, 25 Mo. App. 277; Koontz v. Kaufman, 31 Mo. App. 397; Lindsay v. Davis, 30 Mo. App. 406; Grogan v. Darby, 135 Mo. App. 586. There was no pretense that there was an express warranty or any language that could be tortured into an express warranty.

*L. Cunningham* and *G. C. Burnside* for respondent.

(1) A judgment should not be reversed where the right result was reached and the appellate courts should disregard errors that produce no injury and which do not materially affect the cause. Cross v. Gould, 131 Mo. App. 593; Stumpe v. Kopp, 201 Mo. 420. (2) An express warranty as to some matters will not exclude an implied warranty as to others. Fruit & Truck Assn. v. Hartman, 146 Mo. App. 168; Boulware v. Mfg. Co., 152 Mo. App. 567. (3) A warranty is a matter of contract between the parties and

the decisive question is the real intention as to whether the affirmation of a fact was made for the purpose of inducing the purchase in the one instance and whether it was relied upon by the purchaser in the other. Shoe Co. v. McDonald, 138 Mo. App. 342; Childs v. Emerson, 117 Mo. App. 671; Faust v. Koers, 111 Mo. App. 564. (4) Where a seller has been guilty of a breach of warranty the purchaser has two remedies, first, he may take and keep the chattel and sue for damages growing out of the breach of warranty, or, second, he may within a reasonable time, reject and return the chattel to the seller and recover the purchase price paid by him. Launmeier v. Dolph, 145 Mo. App. 84; Young v. Van Natta, 113 Mo. App. 550; Moore v. Koger, 113 Mo. App. 423. (5) If before a sale a buyer discloses to the seller his intention to purchase the article for a special use the latter making the sale at a sound price, agrees by implication that the article is free from hidden defects that would impair its usefullness for such purpose, and the seller's want of knowledge of such defects will not relieve him of his liability as warrantor. Cline v. Mock & Knight, 150 Mo. App. 431; Brewing Assn. v. McEnroe, 80 Mo. App. 429. (6) Where the defect is not discoverable upon ordinary inspection, representations of soundness by the vendor with the intent to induce the vendee to buy will constitute a warranty. If made with knowledge of the falseness of such representations it will amount to fraud as well as warranty. Detjen v. Brewing Co., 157 Mo. App. 614.

COX, J.—Action by replevin for possession of a horse. Trial by court, judgment for plaintiff and defendant has appealed.

Plaintiff and defendant exchanged horses. The horse traded by defendant to plaintiff was a stallion which defendant at the time understood plaintiff wanted to use in connection with a jack which he kept

for breeding purposes. After the trade plaintiff discovered that this stallion was diseased and upon making that discovery tendered the stallion back to defendant and demanded the return of the horse he had traded to defendant, which was refused and this suit followed. ·

There is but one question for us to determine in this case and that is whether or not there was evidence sufficient to sustain the judgment of the court upon the theory that defendant had warranted the stallion to be sound. If defendant did so warrant him and plaintiff relied thereon in making the exchange and the horse was, in fact, not sound, then on discovering that fact plaintiff had the right to rescind the contract and the issues were properly found in his favor. [Faust v. Koers, 111 Mo. App. 560, 86 S. W. 278; Childs v. Emerson, 117 Mo. App. 671, 93 S. W. 286; Laumeier v. Dolph, 145 Mo. App. 78, 130 S. W. 360.]

Looking to the testimony in this case and considering that most favorable to plaintiff as we are required to do in determining whether or not the judgment of the court is supported by the testimony, we find the following facts: In about a month after the trade, plaintiff discovered that the stallion had some disease of the genital organs, and there was evidence tending to show that this disease was what is known as dourine. That it is an infectious disease and is contracted by intercourse with an infected animal. That the disease may develop in a few days or it may not appear for a few weeks or months after infection. That the stallion had no chance to become infected after the trade was made. On the question of warranty, we find this testimony. Defendant testified that he knew the purpose for which plaintiff wanted the stallion. Plaintiff testified that defendant represented that the stallion was all right and that he relied upon that representation and was induced by it to make the trade. If this evidence was believed by the trial court

it was sufficient to support the finding that defendant waranted the stallion to be sound for the purpose for which plaintiff was procuring him. The evidence tended to show that the stallion was infected with the germs of the disease at the time of the trade although it did not develop for a month afterward. Also that plaintiff acted promptly in offering to rescind after discovering that the stallion was diseased. If this were true and defendant represented the stallion as being sound and plaintiff relied upon that representation in making the trade, then the fact, if proven, that defendant had no knowledge of his diseased condition at the time of the trade could make no difference. We think the evidence sufficient in law to support the finding of the trial court and its finding is therefore binding upon us. Judgment affirmed. All concur.