## KATE PETERSON, Respondent, v. FRANK BARBERO, Appellant.

### Kansas City Court of Appeals, June 1, 1914.

1. **SALES: Vendor and Vendee: Fraud: Recission: Request for, Delay.** In the sale of a horse represented to be city broke, and safe for a lady to drive if the fraud is discovered, the vendee must act promptly in rescinding the sale; unless the vendor requests that the animal be longer tried.

2. INSTRUCTIONS: Omitting Theory of Opposite Party. An instruction for defendant directing a verdict on his theory of the case, which omits the hypothesis of plaintiff's case is properly refused.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*G. B. Silverman* for appellant.

*W. B. Dickinson* for respondent.

ELLISON, P. J.—Plaintiff bought a horse, buggy and harness of defendant in which purchase she claims to have been deceived and brought this action for the purchase price. She recovered judgment in the trial court.

On the 25th of June plaintiff read the following advertisement put in a city paper by defendant: "For Sale—Stylish sorrel trotting horse; well bred by Aaron McGregory (2:14¼) ; 5 years old, 16 hands high, weighs 1200 lbs; city broke for lady to drive; guaranteed to be sound; fine neck, mane and tail; he is a beauty, best horse in Kansas City; price $350. Home phone Main 5124. 1200 Independence Avenue." And on the next day a like advertisement, reading as follows:. "For Sale—Stylish fast trotting sorrel horse, well bred, by Aaron McGregory, aged 5, height 16 hands, weight 1200 pounds, city broke for lady to drive; good neck, mane and tail; he is a beauty guaranteed to be sound and genteel. 1200 Independence Avenue. Home phone 5124 Main."

On the following morning she and her daughter came to look at the horse and defendant took each of them a short drive and each thought he performed well. Plaintiff then told defendant she would return that afternoon with her husband and decide whether she would take him. They called and plaintiff bought

the horse, buggy and harness giving her husband's check for $325. The defendant said as a sale of all three articles for the lump price; but there was evidence tending to show that the sale of the horse was separate and the price was $300 and that the buggy and harness were purchased for $25 and that the total being $325 one check was given for that sum as a matter of convenience.

The evidence tended to show that when plaintiff took the horse home and attempted to drive him he was wild and unsafe; that he would rear and attempt to turn around when meeting with automobiles and that he was afraid of street cars. She immediately informed defendant, and he insisted on her trying him longer and assured her that he would be all right. Again she informed defendant the horse was unsafe and again he assured her if she would use him a little longer "he will make a nice family horse for you." Complying with defendant's request she made every effort to use the horse for a period of several weeks and found she could not do so with any degree of safety. Defendant refused a return of the horse or to return the purchase price.

Defendant contends that plaintiff has no cause of action for the reason that she did not act promptly in disavowing the sale, but kept the horse after discovering that he was not as represented. [Faust v. Koers, 111 Mo. App. 560.] It is true that a vendee claiming a right of rescission must act promptly on discovering the fraud, else he will be held to have waived the fraud. But, of course, this rule will not apply when as here, after prompt complaint, the vendor requests the delay.

Defendant asked and was refused an instruction reading that if plaintiff "did not take said horse and deliver said horse to the defendant, then the plaintiff cannot recover and your verdict will be for the defendant." This was practically to direct a verdict; for it

was conceded the horse was not delivered to defendant, the reason being, as the evidence tended to show, that he would not receive him. So another instruction was refused stating that if plaintiff kept the horse and used him after she discovered he was not city broke and that a lady could not drive him, the verdict must be for defendant. This was also the same as to direct a verdict. It was admitted she kept him after discovering the fraud but it was at defendant's request and on account of his assurances.

We have already referred to the objection that the action could not be maintained on account of the horse alone, as it is claimed the sale was for the horse, buggy and harness, *in solido*. There was however evidence tending to show the sale of the horse was a separate matter for a separate price and in no way depending upon the sale of the other articles. This was properly submitted to the jury.

The judgment was manifestly for the right party and is affirmed. All concur.